**FILED**
**May 06, 2026**
**02:42 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | |
|---|---|
| **JEFFREY STEELE,**<br>　　　　　**Employee,**<br>**v.**<br>**DREAMLINER LUXURY**<br>**COACHES, LLC,**<br>　　　　　**Employer,**<br>**and**<br>**ACCIDENT FUND INS. CO. OF**<br>**AMERICA,**<br>　　　　　**Carrier.** | **Docket No. 2025-60-5712**<br><br>**State File No. 50166-2025**<br><br>**Judge Allen Phillips** |

## EXPEDITED HEARING ORDER

At an expedited hearing on April 30, 2026, Mr. Steele requested medical and temporary disability benefits for a back injury. Dreamliner agreed to pay the medical bills if they determined them related after review, and it agreed to pay some of the temporary benefits. Mr. Steele sought additional temporary benefits, but for the reasons below the Court declines to award those at this time.

### History of Claim

Mr. Steele was a tour bus driver. In June 2025, he inspected a bus, pre-tour, and noted an extremely worn and faulty driver's seat. He reported that to Dreamliner, but the seat was not replaced before the tour began. Over the next two weeks, he drove several thousand miles, and by July 17, his back and left-leg pain was so severe that he visited a local chiropractor at a stop in Indiana. Spinal manipulation gave no relief, so he went to a hospital.

There, both a CT scan and an MRI showed a herniated L5/S1 disc on the left, and the providers told Mr. Steele to follow up with his personal physician when he returned home. Mr. Steele reported to both the chiropractor and the hospital that the

1

seat caused his problems.

Mr. Steele was unable to continue the tour, so he returned home to Wisconsin where he sought treatment on his own. Dreamliner denied Mr. Steele's claim on grounds that his injury did not primarily arise out of his employment.

Mr. Steele continued care. The limited records in evidence include a letter from Dr. Kimberley Sabey, a primary-care physician. In a "to whom it may concern" letter, she wrote: "In my opinion Mr. Steele's acute back injury was likely a result of or at least exacerbated by the broken bus driver's seat."

On September 4, Mr. Steele saw orthopedic surgeon Dr. Miranda Bice, who said she was seeing him on Dr. Sabey's referral. Dr. Bice found mild gait instability and said it, and Mr. Steele's back and leg pain, were consistent with the herniated disc. Mr. Steele's symptoms had "greatly improved" over the last month, and she hoped that physical therapy would make him symptom-free. She said Mr. Steele should remain off work and she would see him again in one month.

Despite its earlier denial, Dreamliner gave Mr. Steele a panel of physicians that included Dr. Bice. Mr. Steele chose her for ongoing authorized treatment of his spinal pain.

The only other record from Dr. Bice is a report dated February 16, 2026, in which she wrote that Mr. Steele had no functional deficits and his pain had resolved. She said Mr. Steele wanted to return to work full duty and that his "end of healing" occurred on February 12. She told him to return as needed.

Dr. Bice wrote that Mr. Steele had "been very transparent since [their] first meeting in that he is not wanting any kind of long-term restrictions[.]" Instead, he just wanted to "get back to his usual routine" and is "only hoping to obtain coverage for costs of medical care" and "missed wages." Dr. Bice also included this statement: "Primary causation relates his lumbar disc herniation and resulting symptoms" to the faulty seat.

Mr. Steele testified that he has not worked since July 17 and he wants temporary disability benefits from that date through February 12. He also offered some medical bills and said he kept a spreadsheet showing that he paid $7,614.04 in out-of-pocket medical expenses.

During cross-examination, Dreamliner's counsel agreed to review the bills

2

and pay any that were related to treatment of the back injury. Dreamliner also agreed to pay temporary disability from September 4, when Dr. Bice first saw Mr. Steele, through February 12, when she released him. A wage statement will be prepared to calculate the weekly rate.

However, Dreamliner maintained it owed no benefits from July 17 through September 4 because no physician restricted Mr. Steele from work during that time.

### Findings of Fact and Conclusions of Law

At this expedited hearing, Mr. Steele must prove that he is likely to prevail at trial on his request for additional temporary disability benefits. Tenn. Code Ann. § 50-6-239(d)(1) (2025).

To recover those benefits, Mr. Steele must prove that he became disabled from working due to a compensable injury, prove a causal connection between the injury and his inability to work, and prove the duration of the period of disability. *Lee v. Allied Universal*, 2026 TN Wrk. Comp. App. Bd. LEXIS 23, at *12 (Apr. 16, 2026).If any of those elements are absent, then Mr. Steele cannot recover benefits. *Id.* at *13.

The Court finds Mr. Steele very credible. He was steady, self-assured and reasonable, just as Dr. Bice described him. *See Kelly v. Kelly*, 445 S.W.3d 685, 694-695 (Tenn. 2014) (discussing indicia of witness credibility). The Court believes him when he says he was unable to work from July 17 through September 4. However, an employee's opinion about the medical cause of his condition, without supporting expert medical proof, is insufficient to support an award of benefits. *Anderson v. City of Knoxville Dept. of Rec.*, 2026 TN Wrk. Comp. App. Bd. LEXIS 1, at *10 (Jan. 5, 2026). No medical records contain a restriction from work until Dr. Bice's September 4 record.

Thus, the Court holds Mr. Steele is not entitled to temporary disability benefits from July 17 through September 4, 2026, at this time.

IT IS, THEREFORE, ORDERED as follows:

1. Dreamliner shall review Mr. Steele's medical bills and either pay or reimburse him for those related to treatment of his July 17, 2025 injury.

2. Dreamliner shall pay Mr. Steele temporary disability benefits from

3

September 4, 2025, through February 12, 2026, at a weekly rate to be determined by a wage statement. Mr. Steele's request for temporary disability benefits for the period of July 17, 2025, through September 4, 2025, is denied at this time.

3. Dreamliner shall continue to furnish Mr. Steele with reasonable and necessary medical treatment causally related to his back injury under Tennessee Code Annotated section 50-6-204(a)(1)(a) (2025). Dr. Bice remains the authorized physician.

4. The parties shall advise the Court within 30 days of any dispute regarding the medical or temporary disability for prompt adjudication. If none arises, a Status Hearing is set for **Monday, August 31, 2026, at 9:30 a.m. Central Time**. The parties must call 855-543-5038 to participate.

5. Unless appealed, compliance must occur within seven business days of entry of this order as required by Tennessee Code Annotated section 50-6-239(d)(3).

**ENTERED May 6, 2026.**

_____
**JUDGE ALLEN PHILLIPS**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:
1. Medical record of Dr. Ian Boone, DC
2. Medical records of Indiana University Hospital-Fishers
3. Medical records of Dr. Miranda Bice
4. Letter from Dr. Amanda Sabey
5. Medical bills and insurance payment records
6. Wage Statement (late filed)
7. Screenshot of Mr. Steele's report to Dreamliner regarding seat

**CERTIFICATE OF SERVICE**

I certify that a copy of this order was sent as shown on May 6, 2026.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| Jeffrey Steele, Employee | X | X | ████████████████████████ ████████████████ |
| Gordon Aulgar, Employer's Attorney | | X | gordon.aulgur@afgroup.com christine.spear@afgroup.com |

_____
**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

5



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s) (Requesting Party):** _____  ☐Employer ☐Employee

Address: _____  Phone: _____

Email: _____

Attorney's Name: _____  BPR#: _____

Attorney's Email: _____  Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s) (Opposing Party):** _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

LB-1108 (REV 11/15)                                                                 RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month          Medical/Dental  $ _____ per month

Groceries        $ _____ per month          Telephone        $ _____ per month

Electricity      $ _____ per month          School Supplies $ _____ per month

Water            $ _____ per month          Clothing         $ _____ per month

Gas              $ _____ per month          Child Care       $ _____ per month

Transportation   $ _____ per month          Child Support    $ _____ per month

Car              $_____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile               $ _____          (FMV) _____

Checking/Savings Acct. $ _____

House                    $ _____          (FMV) _____

Other                    $ _____          Describe:_____

11. My debts are:

Amount Owed                      To Whom

_____              _____

_____              _____

_____              _____

_____              _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____